UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS – FORT WORTH DIVISION

| | | |
|---|---|---|
| **DEVYN CLAYBOURN**, *et al.*, <br>   *Plaintiffs*, <br><br> **v.** <br><br><br> **CROWLEY INDEPENDENT SCHOOL DISTRICT**, *et al.*, <br>   *Defendants*. | § § § § § § § § § § | **Cause No.: 4:21-cv-01162-P** |

# JOINT STATUS REPORT

Plaintiffs Devyn Claybourn, Daniel Olivas, Italia De La Cruz, Mysti Shain, and Sara Anderson, ("Plaintiffs") and Defendants, Crowley Independent School District, its superintendent, and its board of trustees ("Defendants"), hereby submit the following Joint Status Report pursuant to this Court's Status Report Order (Doc. 9).

### I. SCHEDULING CONFERENCE

1.  **Compliance with the Court's Order:** Because the Court ordered that a physical meeting between counsel for the parties, Warren Norred for the Plaintiffs and Jason Smith for the Defendants met at the office of Jason Smith an conducted a Scheduling Conference on November 16, 2021. Meaningful progress did not occur toward settlement.

2.  **Plaintiffs' Position:** Plaintiffs believe that Crowley ISD is acting irrationally and based on mere ideology, and failing to follow state law as expressed in Abbott's GA-38. Plaintiffs are aware that Crowley ISD says that it is not enforcing a mask mandate, but only "strongly encourages" mask use. As individuals with children in the school district, Plaintiffs experience that individual teachers and agents of the school district routinely enforce masks and bully children about mask issues.

3.    **Defendants' Position:** Crowley ISD does not believe there is currently any controversy between Crowley ISD and Plaintiffs because Crowley ISD is not currently requiring anyone to wear masks and has no current intention to do so. Based on the observed decrease in COVID-19 cases and the availability of the COVID-19 vaccine for its students, Crowley ISD does not believe it will be necessary to require masks in the future. However, if for some unforeseen reason COVID-19 cases rise significantly, Crowley ISD does reserve the right to require masks in the future. Crowley ISD cannot guarantee Plaintiffs who have students enrolled in the school district that their students will never be required to wear a mask in the future.

## II.   BRIEF STATEMENT OF THE CLAIMS AND DEFENSES

4.    Summarizing, Plaintiffs assert that Defendants' mask policies and the methods used to implement them, are a violation of Federal and Texas law as described in their Complaint.

5.    Defendants assert that Plaintiffs' claims in this lawsuit are moot because it is undisputed that Crowley ISD does not currently require Plaintiffs to wear masks. Defendants also assert the following defenses regarding Plaintiffs various claims: (1) Plaintiffs Sara Anderson and Devyn Claybourn lack standing to be parties in this lawsuit because their children are not enrolled as students in the District; (2) Plaintiff "Parents for Crowley Education" is not a legal entity and lacks both capacity and standing to be a party in this lawsuit; (3) Plaintiffs all lack standing to file a private-enforcement lawsuit attempting to enforce an executive order by the Governor of Texas;[1] (4) Plaintiffs' Fourteenth Amendment claims (Claim 1) must be dismissed because Plaintiffs fail

---

[1]   Defendants add that, in a recent opinion, Judge Lee Yeakel concluded that Texas Attorney General Ken Paxton has actively engaged in the enforcement of Executive Order GA-38 against some school districts but issued a permanent injunction enjoining the Attorney General Paxton from enforcing GA-38 because the executive order violates and is preempted by federal law, specifically the American Rescue Plan Act, the ADA, and Section 504 of the Rehabilitation Act of 1973. *E.T. v. Morath*, No. 1:21-cv-00717-LY, 2021 WL 5236553 (W.D. Tex. Nov. 10, 2021). Attorney General Paxton has filed a Rule 8(a) motion for stay of the permanent injunction pending appeal. Judge Yeakel has yet to rule on that motion.

to allege any disparate treatment and allege no deprivation of a constitutionally protected right; (5) Plaintiffs' ADA and Section 504 claims (Claims 7 and 8) must be dismissed because Plaintiffs have not exhausted administrative remedies regarding these claims and have not alleged that any of their students are disabled as that term is defined by the ADA and Section 504; (6) Plaintiffs' Texas Open Meetings Act claim (Claim 4) must be dismissed because at a public meeting in June 2021, the Board authorized the school district's administration to require "masks, face coverings, and/or face shields"; (7) Plaintiffs' other state law claims (Claims 2–3 and 5–6) are barred by immunity because Plaintiffs failed to exhaust their available administrative remedies with the Texas Commissioner of Education; (8) Plaintiffs' state law claim based on Article VII, section 1, of the Texas Constitution (Claim 2) must also be dismissed because that state constitutional provision applies to the Legislature, not school districts; (9) Plaintiffs' state law claim based on Article I, section 3, of the Texas Constitution (Claim 3) must also be dismissed because Plaintiffs have not alleged any cognizable due process violation; (10) Plaintiffs' state law declaratory judgment claims (Claims 5–6) must be dismissed because Chapter 37 of the Texas Civil Practice and Remedies Code is a procedural statute that does not apply in federal court, the declaratory judgment claims are barred by governmental immunity, and a declaratory judgment claim is procedural only and cannot be asserted as a stand-alone cause of action; and (11) Plaintiffs' claims against the board members in their official capacities are duplicative and should be dismissed under *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001) (approving of dismissal of allegations against governmental officers that "duplicate claims against the respective governmental entities themselves"). Defendants also assert that the District's mask policies and methods do not violate either federal or state law and that GA-38 is an overreach of executive authority by the Texas Governor that violates federal and state law.

### III. JOINDER OF OTHER PARTIES AND AMENDING PLEADINGS

6. The present parties do not anticipate joining any other parties amending their pleadings. If Plaintiff or Defendant find it necessary to join additional parties or amend their pleadings, both parties propose April 13, 2022 as the deadline to do so.

### IV. PROPOSED TIME LIMIT TO FILE MOTIONS

7. The parties do anticipate that dispositive motions may be filed in this case and respectfully request that the Court set a dispositive motion deadline for a date following the close of discovery and suggest November 7, 2022 as that deadline.

### V. DESIGNATION OF EXPERT WITNESSES

8. Parties intend to designate expert witnesses and rebuttal expert witnesses and make the expert disclosures required by Rule 26(a)(2). Hence, both parties request the deadline for Plaintiffs to designate expert witnesses be March 14, 2022 and the deadline for Defendants to designate expert witnesses be May 16, 2022.

### VI. OBJECTIONS TO EXPERT WITNESS

9. The parties request that the deadline for objections to expert witnesses be the same as the dispositive motions deadline

### VII. DISCOVERY

**Time Needed for Discovery**

10. Defendants believe the issues in this case can be resolved without engaging in discovery because the issues in this case involve a purely legal dispute. To the extent there are any factual disputes, Defendants believe they can be resolved through stipulations.

11. To the extent there are any factual disputes, the parties anticipate they will need nine months for discovery to allow adequate time to exchange documents, propound written discovery,

and take any fact and expert witness depositions. Plaintiff proposes the following dates to which Defendants do not object:

   a. complete non-expert discovery: October 7, 2022; and

   b. complete expert discovery: October 14, 2022.

**Discovery Needed**

12. Plaintiffs will seek discovery on the development of the District's Mask Policy and actual practices of District personnel, irrespective of that policy. Plaintiffs anticipate the need to depose Defendants' agents who may have relevant knowledge.

13. Defendants do not anticipate that they will need to seek discovery on any issues based on Plaintiffs' current complaint. If Plaintiffs' claims are not dismissed as a matter of law, the only discovery Defendants anticipate would be written discovery and depositions regarding Plaintiffs' experts and if necessary to rebut the opinions of Plaintiffs' experts, written discovery and depositions of Plaintiffs.

14. The parties reserve the right to seek discovery on additional subjects as their investigation continues.

### VIII.   ELECTRONICALLY STORED INFORMATION

15. The parties do not believe that discovery should be conducted in phases or limited in any way beyond the general limitations on discovery set forth in Rule 26.

### IX.   ELECTRONICALLY STORED INFORMATION

16. Parties intend to communicate ESI in the form of PDFs transmitted over email first or through Dropbox folders if such production is larger than the file size limit of their internet service provider. If any element of ESI is too large or cumbersome for parties to transmit via the aforementioned methods, parties agree to mail a thumb drive or disc containing the relevant

production via first class mail or deliver it in-person. The parties have discussed and do not anticipate any issues with respect to the discovery of ESI or claims of privilege.

### X.   PRIVILEGED OR TRIAL-PREPARATION MATERIAL

17. Both parties do not believe any material to be privileged or require special treatment outside the normal civil rules.

### XI.   TRIAL DATE, LENGTH OF TRIAL, AND JURY DEMAND

18. The parties propose a trial date on or after January 4, 2023. The parties estimate that trial will take approximately three days. A jury has been demanded by Plaintiffs.

### XII.   MEDIATION

19. The parties are represented by professionals who will settle this dispute when and if appropriate. The parties agree to mediate when and if both parties believe that such mediation will be useful.

20. Plaintiffs oppose forced mediation, and asserts that any requirement to mediate is unlawful; plaintiffs are resource-limited and should not be forced to pay for mediation against their collective will and self-interests.

21. Defendants are willing to mediate if the parties reach an impasse.

22. The parties believe mediation, if necessary, would be most effective after the parties have exchanged their initial disclosures and conducted limited discovery and suggest a mediation deadline of March 4, 2022.

### XIII.   INITIAL DISCLOSURES

23. The parties intend serve their initial disclosures via email. The parties request that their deadline for providing initial disclosures under Rule 26(a)(1) be modified to 14 days after this

Court issues a scheduling order. The parties do not request that any changes be made to the form or requirement for disclosures under Rule 26(a).

### XIV. TRIAL BEFORE A UNITED STATES MAGISTRATE JUDGE

24. The Parties consent to trial before a Magistrate Judge Ray per 28 U.S.C.A. § 636(c).

### XV. MATTERS REQUIRING CONFERENCE WITH THE COURT

25. None at this time.

### XVI. OTHER MATTERS RELEVANT TO STATUS AND DISPOSITION OF CASE

26. Other than what is outlined herein, the parties are currently not aware of any other matters relevant to the status and disposition of the case.

Dated: November 19, 2021

Respectfully submitted,

/s/Warren V. Norred
WARREN V. NORRED,
wnorred@norredlaw.com
NORRED LAW, PLLC
515 E. Border St.
Arlington, Texas 76010
O: 817.704.3984; F: 817.524.6686
**Attorney for Plaintiffs**

/s/David Campbell
DAVID CAMPBELL
SBN 24057033
dcampbell@808west.com
O'HANLON, DEMERATH & CASTILLO
808 West Ave.
Austin, Texas 78701
O: 512-494-9949; F: 512-494-9919

JASON C.N. SMITH
SBN 00784999
*jasons@letsgotocourt.com*
LAW OFFICES OF JASON SMITH
600 8th Avenue
Fort Worth, Texas 76104
Tel: (817) 334-0880; Fax: (817) 334-0898
**Attorneys for Defendants**